IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10361
Summary Calendar
_____

MOSES CALDWELL, III,

Plaintiff-Appellant,

versus

DALLAS COUNTY; JIM BOWLES; C.W. MCKINNEY;
MIKE ALCORN; NFN GRESHEM, Lieutenant;
NFN MCDANIEL, Sergeant; W. BRAGGS; V. COLE,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-59-G
- - - - - - - - - -
October 23, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Moses Caldwell, # 97021087, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to protect him from assault from another inmate as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(i).

Caldwell argues that the level and nature of the risk to which the defendants exposed him was sufficient to "state a claim" under the Eighth Amendment. He contends that the defendants were adequately informed of the risk.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his answers to the magistrate judge's interrogatories, Caldwell alleged that he had repeatedly warned the defendants that he was going to be attacked, and he attached several exhibits of correspondence to various prison official about his fear of assault. Caldwell alleged in great detail that he "snitched" on inmate Washington regarding Washington's involvement in another assault; that, shortly thereafter, he was placed in the same tank with Washington; that Washington threatened him; and that Caldwell repeatedly informed the defendants, verbally and in writing, that he was fearful of an attack and wanted to be moved. In less than three months, the feared attack occurred. The district court's dismissal of Caldwell's failure-to-protect claim as frivolous was an abuse of discretion. The facts alleged by Caldwell are sufficient to survive a § 1915 dismissal. His claim is arguable in fact and in law. He alleged facts which would show that the defendants were aware that there was a substantial risk that Washington would seriously harm Caldwell. See Horton v. Cockrell, 70 F.3d 397, 400-01 (5th Cir. 1995).

Caldwell contends that he still suffers from a continuing pain located in and around his right ear and that he continues to suffer from neck problems associated with his beating. He argues that the district court erroneously applied a *de minimis* standard to his injuries without a hearing and medical evidence. He argues that the district court had no way of determining adequately the extent of his injuries without a bona fide medical review.

The district court applied a *de minimis* injury standard, citing 42 U.S.C. § 1997e(e) and Siglar v. Hightower, 112 F.3d 191,

193 (5th Cir. 1997).  The district court concluded that Caldwell's allegations of injuries such as blurred vision, headaches, and a bruised throat, viewed objectively, did not indicate that he had suffered severe pain over any period of time or that it resulted in lasting disability.  The district court incorrectly stated that Caldwell had conceded that he did not need immediate medical attention for his injuries.  Caldwell alleged that he requested medical attention but that his request was not answered.

Caldwell's alleged injuries of blurred vision, headaches, and a bruised throat, continuing through the time he filed his answers to the questionnaire, are more than *de minimis* and are sufficient to withstand a § 1915(e)(2)(B)(i) dismissal.  See Horton, 70 F.3d at 401.

Caldwell also alleged claims involving his placement in a holdover cell for 28 hours under uncomfortable conditions pending a transfer, and his placement in administrative segregation for six days without having been found guilty of a disciplinary violation. The district court found these claims to be frivolous.  On appeal, Caldwell repeats the facts regarding these claims, and he states as one of his issues that the district court erred in applying Sandin v. Conner, 515 U.S. 472 (1995) to his claim regarding his placement in administrative segregation, but he does not brief these claims in the body of his brief.  These issues are considered abandoned. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

The district court's judgment is VACATED, and this case is REMANDED for further proceedings.